AO 91 (Rev 11/11) Criminal Complaint (approved by AUSA JOSEPH T LABRUM III)

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| United States of America<br>v.<br>Kenneth Rivas,<br>Jesus Lopez,<br>Flavio Gonzalez, and<br>Richard Gallardo<br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 18-1344-m |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 2018 to August 20, 2018 in the county of Philadelphia in the Eastern District of Pennsylvania, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 846 | Conspiracy to distribute 1 kilogram or more of heroin and 400 grams or more of fentanyl |
| 21 U.S.C Section 841(a)(1), (b)(1)(A) | Possession with intent to distribute 1 kilogram or more of heroin and 400 grams or more of fentanyl |
| 18 U.S.C Section 2 | Aiding and abetting |

This criminal complaint is based on these facts:
See attached Affidavit, incorporated here by reference

☑ Continued on the attached sheet.

*Harry C Ubele*
*Complainant's signature*

Harry C. Ubele, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 21, 2018

*Carol S Mitchell*
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Carol Sandra Moore Wells, U.S. Magistrate Judge
*Printed name and title*

18-1344-ALL

## **AFFIDAVIT**

I, Harry C. Ubele, being duly sworn, depose and say:

1. I have been a Special Agent with U.S. Homeland Security Investigations (hereinafter referred to as "HSI"), for over fifteen years. During this time, I have participated in numerous investigations relating to violations of Title 18, United States Code, Sections: 371-Conspiracy, 952- Importation of Narcotics, 545-Smuggling, 1956-Money Laundering and Money Laundering Conspiracy, 922(g)-Felon in Possession of a Firearm; and Title 21 United States Code, Sections 841-Distribution and Possession with Intent to Distribute a Controlled Substance, 843 (b)-Use of a Communication Facility to Commit a Drug Trafficking Crime, 846-Conspiracy to Distribute Controlled Substances, 952-Importation of Controlled Substances, 963-Attempt & Conspiracy to Import a Controlled Substance. I am currently assigned to the Airport Investigations Group, Border Enforcement Security Team (BEST) of the HSI Office of the Special Agent in Charge in Philadelphia, Pennsylvania where I have conducted and participated in numerous criminal investigations involving the trafficking of controlled substances. Throughout my career, I have conducted and participated in numerous complex criminal investigations targeting both domestic and international criminal organizations. I have repeatedly participated in the handling and interviewing of numerous witnesses, cooperating defendants, confidential informants, the preparation and execution of search warrants and arrest warrants, utilization of undercover assets and the utilization of various forms of surveillance, which have included physical and electronic means. I and the agents and police officers I work with are familiar with the methods of drug organizations and their operations, the terminology used and the scope of their influence. I am also aware through my experience and training that members of drug organizations employ various practices and methods to obtain controlled substances in an effort to avoid detection by law enforcement, which include the utilization of couriers to procure controlled substance from Sources of Supply.

2. In April 2018, a Confidential Source (CS) provided information to members of Homeland Security Investigations (HSI) – Airport Investigations Group (AIG) BEST Special Agents, Pennsylvania State Police (PSP), Eastern Interdiction Unit (EIU), Pennsylvania Office of Attorney General (POAG) regarding an individual involved in narcotics trafficking. The CS has proven his/herself reliable by providing information in past investigations to law enforcement personnel, resulting in seizures/arrests.

   a. The CS provided law enforcement with information regarding an individual involved in trafficking large quantities of narcotics, and was identified as Kenneth RIVAS, W/H/M, DOB 01/15/1985. The CS advised that RIVAS told him/her that he was already involved with arranging large shipments of cocaine, approximately thirty (30) plus kilos in quantity, to the Philadelphia, PA area from California, where both the CS and RIVAS currently reside.

      b.     A criminal history check on RIVAS was conducted, which showed that he had past arrests in the state of California for the following: Sex with A Minor +/- 3YRS, Contribute Delinquency of Minor (2004), Driving Under the Influence, Reckless Driving (2010), and a pending case of Carrying Concealed Weapon, Sell/Furnish/Etc. Marijuana/Hash (2017).

      3.     On July 31, 2018, HSI PIA BEST received information from CS. CS stated that JUNIOR, subsequently identified as Jesus LOPEZ, DOB: 9-19-1987 arrived in Philadelphia around July 30, 2018 and would be staying in the Philadelphia area until he was able to get a deal together for CS and his/her Philly guys.

      4.     On August 9, 2018, HSI PIA BEST received information from CS. CS stated that he/she spoke with JUNIOR on the telephone. JUNIOR told CS that he was sitting on five (5) kilograms of fentanyl. JUNIOR and his partner, name unknown, funded the purchase and stated that they would hold it for CS. JUNIOR further stated that they were getting seven (7) kilograms of cocaine on Monday, August 13, 2018. JUNIOR stated that they would send a picture for verification on Monday.

      5.     On August 13, 2018, HSI PIA BEST received information from CS. CS spoke with JUNIOR. JUNIOR was not comfortable talking about fentanyl on the telephone. The verification picture would be sent on Wednesday, when it arrived. JUNIOR asked if JJ (HSI undercover agent) could meet him at Chickie's and Pete's to get a sample. CS agreed, but RIVAS's cousin, not identified, did not like that idea because he thought JUNIOR and JJ would cut them out of the deal.

      6.     On August 14, 2018, HSI PIA BEST received information from CS. CS stated that JUNIOR called RIVAS and told him that the picture was still coming Wednesday, but that he wanted to get RIVAS an Airbnb room to do the deal instead of a hotel.

      7.     On August 16, 2018, HSI PIA BEST received information from CS. CS stated that he/she went to RIVAS's house. CS stated that the cousin was there. A telephone call was placed to JUNIOR, but he was allegedly driving back from New York and could not talk. The cousin stated that the five (5) kilograms of fentanyl were there and being held for CS. In addition, the cousin stated there are seven (7) kilograms of cocaine and fifteen (15) kilograms of heroin available.

      8.     On August 19, 2018, HSI AIG BEST received information that Ken RIVAS and had a reservation from Los Angeles International Airport (LAX) to Nashville International Airport (BNA) aboard American Airlines Flight #1289 and BNA to Philadelphia International Airport (PHL) aboard American Airlines Flight #4640.

      9.     On August 20, 2018, RIVAS made a consensually monitored telephone call to CS. RIVAS stated that he had samples of each, referring to the heroin and fentanyl and that he was hoping to make his flight back to LAX that afternoon. RIVAS stated that JUNIOR was not comfortable conducting the meeting and sale of the kilograms in CS's room; therefore, to make

JUNIOR comfortable, RIVAS suggested that they conduct the deal in CS's room and tell JUNIOR that it is RIVAS's room.

10. On August 20, 2018, HSI PIA BEST and PSP observed RIVAS and GALLARDO near 4th and South Streets, Philadelphia, PA. CS met with RIVAS and GALLARDO. RIVAS handed CS a brown paper bag containing (3) samples of alleged heroin and fentanyl.

11. Initial field tests conducted confirmed one of the samples tested positive for heroin.

12. On August 20, 2018, RIVAS and GALLARDO arrived at the Home 2 Suites, 1200 Arch Street, Philadelphia, PA 19107. RIVAS and CS talked in the lobby. RIVAS subsequently departed the Home 2 Suites and entered a white Volkswagen Passat, bearing Pennsylvania temporary registration, 1455-134.

13. On August 20, 2018, LOPEZ, Flavio Gonzalez, DOB: 10-18-1978 (driver), Richard GALLARDO, DOB: 8-8-1997, and RIVAS arrived at the Home 2 Suites, 1200 Arch Street, Philadelphia, PA 19107 in the white Volkswagen Passat, bearing Pennsylvania temporary registration, 1455-134. RIVAS and GALLARDO departed the back seat. GALLARDO proceeded to the trunk of the Passat, retrieved a black and red Nike Air backpack. RIVAS and GALLARDO met with CS and proceeded to room #706.

14. On August 20, 2018, at approximately 1920 hours, Undercover Agent 1 (UCA1) made a consensually monitored telephone call to CS at telephone number (805) 755-9358. This number is RIVAS's telephone number. CS grabbed the telephone from RIVAS and told UCA1 to proceed to the hotel to look at the (7) kilograms of heroin and/or fentanyl.

15. UCA1 proceeded to the Home 2 Suites, Room #706. CS told UCA1 that its seven (7), referring to the number of kilograms. UCA1 stated that its only half of what was sought, and asked RIVAS if he should only bring half the money. RIVAS stated yes. UCA1 observed the kilograms in plain view on the tile floor immediately upon entering the room. CS and UCA1 stated that they were going to retrieve the money and departed room #706.

17. On August 20, 2018, at approximately 1930 hours, HSI, and PSP entered room #706, and arrested RIVAS and GALLARDO in violation of Title 21 United States Code, Sections 841(a)(1).

18. Subsequent to RIVAS and GALLRDO exiting the Volkswagen Passat, HSI Agents, BNI Agents and PSP Troopers observed the Passat departing the hotel.

19. At approximately the same time, PSP conducted a probable cause traffic stop on the Volkswagen Passat and arrested GONZALEZ and LOPEZ in violation of Title 21 United States Code, Sections 841(a)(1).

20. TRUNarc testing of the seven kilogram bricks seized from the hotel room indicated a positive result for heroin as to four of the bricks, and for fentanyl as to three of the bricks.

21. Given the facts and circumstances described above, your affiant believes there is probable cause to believe that on or about August 20, 2018, Kenneth RIVAS, Jesus LOPEZ, Flavio GONZALEZ, and Richard GALLARDO conspired to distribute, and possessed with the intent to distribute, and aided and abetted the possession with intent to distribute of, 1 kilogram or more, that is, approximately 4 kilograms of a mixture and substance containing a detectable amount of heroin, and 400 grams or more, that is, approximately 3 kilograms, of a mixture and substance containing a detectable amount of fentanyl, each Schedule I controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

Harry C. Ubele
Special Agent
Homeland Security Investigations

Sworn To and Subscribed Before Me This
21st Day of August, 2018.

HONORABLE CAROL SANDRA MOORE WELLLS
*United States Magistrate Judge*